UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 25-603-KK-SPx | Date: | June 18, 2025 |
| Title: | *Lavelle Carter v. Ally Bank* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On March 3, 2025, plaintiff Lavelle Carter ("Plaintiff") filed a Complaint against defendant Ally Bank ("Defendant").  ECF Docket No. ("Dkt.") 1, Complaint ("Compl.").  However, that same day, the Clerk of Court issued a Notice to Filer of Deficiencies ("Notice") stating the Complaint lacked the required signature.  Dkt. 3.  On March 12, 2025, the Court struck the Complaint pursuant to the Notice.  Dkt. 9.  To date, Plaintiff has failed to file a signed complaint.

In addition, Plaintiff filed a request to proceed in forma pauperis in connection with the unsigned Complaint.  Dkt. 2.  On March 11, 2025, Plaintiff's request was denied as the Court determined Plaintiff had the ability to pay the filing fee.  Dkt. 8.  Plaintiff was ordered to pay the full filing fee within 30 days.  Id.  Plaintiff was expressly warned that failure to pay the filing fee in full would result in the case being dismissed without prejudice.  Id.  To date, Plaintiff has failed to pay the full filing fee.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc.,

594 F.3d 1081, 1084 (9th Cir. 2010) (stating the standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders).  In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

  In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has not filed a signed complaint or paid the filing fee in full as directed in the Court's orders.  Dkts. 8, 9.  In fact, the Court has received no communication from Plaintiff since March 2, 2025.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

  The third factor – prejudice against defendant – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendant arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

  The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  See dkt. 8.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

  The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with court orders by failing to file a signed complaint or pay the filing fee in full.

  Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see West Coast Theater Corporation v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 8.

///

///

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.  (JS-6)

**IT IS SO ORDERED**.